## Case No. 729.

### In re BAILEY et al.

[2 Woods, 222.] [1]

Circuit Court, D. Louisiana. April Term, 1876.

BANKRUPTCY—COMPOSITION—AUTHORITY OF CHILDREN AND MARRIED WOMEN . TO VOTE FOR—RATIFICATION BY HUSBAND — DAMAGES AGAINST BANKRUPT FOR TORT.

1. One of the members of a bankrupt firm had been the guardian of his own children. The firm was indebted to the children in a large sum, for which the guardian held its notes, payable to himself as guardian, but not indorsed by him to his wards. Under these circumstances, *held*, that the children, having become sui juris, were competent to vote as creditors of the firm in favor of a composition proposed by it.

2. One of the said children, being a married woman, voted for and signed the resolution for the composition without producing the authority of her husband therefor; but the husband afterwards made and filed an affidavit that he had given her his authority, and that her vote had · his approval. *Held*, that such affidavit was both a ratification and estoppel, and made good the wife's act.

3. Damages for a tort are not provable against a bankrupt's estate until they have been assessed.

4. Unliquidated damages for a tort placed by the bankrupts on their schedule, but denied by them to be a valid claim, were properly excluded from the debts of the bankrupt estate, when it was to be ascertained whether creditors holding one-half the debts had assented to a proposed composition.

[See Dusar v. Murgatroyd, Case No. 4,199; In re Hennocksburgh, Id. 6,367; In re Smith, Id. 12,975.]

[In bankruptcy. Petition of J. M. & J. Lockhart and Paul Fourchy for review, asking that the decree of the district court confirming the composition made by the bankrupts G. M. Bailey and Pond with their creditors be set aside. Decree affirmed.]

John E. Austin, for petitioners.

John H. Kennard, W. W. Howe, and S. S. Prentiss, contra.

BRADLEY, Circuit Justice. The petition of review in this case asks the court to set aside a decree of the district court, [unreported,] made May 2, 1876, confirming a composition made by the bankrupts with their creditors, under Rev. St. § 5103, and the act of 1874, and directing the resolution of composition to be recorded.

The errors assigned are, that the district court allowed to stand votes amounting in the aggregate to about $45,000, by the three children of G. M. Bailey, one of the bankrupts, and struck out a claim for damages for $30,000, which had been placed on the schedule by the bankrupts, thus increasing the vote in favor of the composition by three names and $45,000 in amount, and diminishing the amount of the entire indebted-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ness by one name and $30,000 in amount, which changed the result. There is no charge that the amount voted on by the children was not due to them; but it is alleged that the claim was mostly secured by notes of the bankrupts, given therefor, payable to the order of the said G. M. Bailey, guardian, and not indorsed by him to the children. But if they are sui juris and competent to act in their own behalf, I do not see why this fact should prevent them from agreeing to the compromise. They proved their debts regularly, and were entitled to the privileges of creditors. The presumption is, that they were entitled to demand the notes from their father at any time. He holds them merely for their benefit, and if the compromise stands, the claims of the children against the bankrupt firm, whether represented by the notes or not, will be discharged the same as the claims of other creditors. They stand in all respects on an equality with the other creditors. But it is said that one of the children is a married woman, and voted and signed the resolution without authority of her husband. If she actually had such authority, whether it was exhibited or not, her act would be binding on her and on him. Since this petition has been pending, her husband has made and filed an affidavit in this court that she had his full authority for what she did, and that her votes in favor of the composition had his full approval. He can never go behind this affidavit. It binds and estops him forever. And, as a ratification goes back to the first act and gives it validity, this affidavit, viewed merely as a ratification, validates the wife's acts. But it is more than a ratification. It is a full estoppel and proof against the husband that his wife acted by his authority at the time.

The striking out of the claim of $30,000 for damages, thereby reducing the sum total of the schedule that amount, presents a question of more difficulty. On the original schedule this claim is put down in the following words: "Marshall & Bateman, Shreveport, La., merchants, $30,000, 1873, about. This claim is not admitted. Suit pending in one the district courts, in and for the parish of Orleans, state of Louisiana, for damages alleged to have been sustained by them in our agent closing up their store in order to force settlement of debt due us."

Out of abundant caution, the bankrupts put this claim down. They do not admit it at all. They deny it. It does not seem reasonable that a claim which any man may choose to make against another, however futile, can stand as a bar to that other's adjustment and composition of his debts. If so, a man sued for libel, a newspaper proprietor for example, might never be able to get a composition. Persons often sue for $100,000 or $200,000, and as often recover nothing at all. This $30,000 is not put down as a debt, but only as an unjust claim.

It has never been proven. It has never been heard from in the bankruptcy proceedings. Surely it cannot be possible that such a claim should stand as a barrier against a composition. There must be some remedy in such a case. Injustice and absurdity can never be law.

By section 19 of the original bankrupt act of 1867, (Rev. St. § 5067,) it is provided that when the bankrupt is liable for unliquidated damages arising out of any contract or on account of any goods wrongfully taken or withheld, the court may cause such damages to be assessed in such mode as it may deem best; and the sum so assessed may be proven against the estate. It would appear from this, that unliquidated damages of this kind are not provable until they have been assessed. The claim in question not being provable, and not being admitted to be a valid claim, but denied to be such, I think it was rightfully excluded from the estimate of debts, of which one-half is required to validate a composition. The composition would be good as to the other claims, if not as to that; and as to that, should it ever be substantiated in whole or in part, the composition may not apply. The bankrupt may, perhaps, be subject to the risk of its not applying. On this point it is unnecessary to express any opinion. The decree of the district court is affirmed.